IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| TRAVIS DAY, | ) |
| | ) |
| Plaintiff, | ) 2:20-CV-01710-MJH |
| | ) |
| vs. | ) |
| | ) |
| WESTMORELAND COUNTY, | ) |
| | ) |
| Defendants | |

OPINION AND ORDER

Plaintiff, Travis Day, moves for reconsideration of this Court's Opinion and Order (ECF Nos. 62 and 63), which dismissed his claims for race discrimination and retaliation under Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act (PHRA) (Counts I, II, and III) and pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights under the Fourteenth Amendment (Count IV) against Defendant, Westmoreland County. (ECF No. 64). The County has filed a Response in Opposition. (ECF No. 66). The matter is now ripe for consideration.

Upon consideration of the Mr. Day's Motion for Reconsideration (ECF No. 64), the County's Response in Opposition (ECF No. 66), and for the following reasons, Mr. Day's Motion for Reconsideration of the Court's decision on the Defendant's Motion to Dismiss will be denied.

I.   Standard of Review

A motion to reconsider "must rely on at least one of three grounds: 1) intervening change in controlling law, 2) availability of new evidence not previously available, or 3) need to correct a clear error of law or prevent manifest injustice." *Waye v. First Citizen's Nat'l Bank,* 846 F.Supp. 310, 313–14 (M.D.Pa.1994), *aff'd,* 31 F.3d 1175 (3d Cir.1994). Stated another way, a

motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it, rightly or wrongly, has already made. *Williams v. Pittsburgh,* 32 F.Supp.2d 236, 238 (W.D.Pa.1998). "Motions for reconsideration may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.' " *Knipe v. SmithKline Beecham,* 583 F.Supp.2d 553, 586 (E.D.Pa.2008) (citing *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D.Del.1990)). Such motions may not be " 'used to revisit or raise new issues with the benefit of 'the hindsight provided by the court's analysis.'" *Id.* (citing *Marshak v. Treadwell,* No. 95–3794, 2008 WL 413312 at *7 (D.N.J. Feb. 13, 2008)). With regard to the third ground, litigants are cautioned to "'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" *Waye,* 846 F.Supp. at 314 n. 3 (citing *Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625, 626 (S.D.Miss.1990)).

By reason of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. *Rottmund v. Continental Assurance Co.,* 813 F.Supp. 1104, 1107 (E.D.Pa.1992).

II.     Discussion

On reconsideration, Mr. Day argues that the Court misstated the law by concluding that his failure to complete training rendered him ineligible to serve as a deputy sheriff.   He contends that the Sheriff and Deputy Sheriff Education and Training Act does not make him ineligible to serve as a deputy sheriff, but rather only renders him ineligible for a salary.   The County argues that the denial of compensation is a statutory mechanism for disqualifying noncompliant deputy sheriffs and enforcing the training mandate.   The County further maintains that, if the Court accepts Mr.

Day's argument, he, a disqualified deputy, ineligible to be paid a salary, would be reduced to a volunteer.

In its Opinion, this Court conducted a thorough analysis of the Training Act.  Mr. Day's arguments are unavailing, relitigate the same issues, and do not logically lead to any conclusion that Mr. Day could have been employed as a deputy by the Westmoreland County Sheriff without completion of the training.

Next, Mr. Day argues that the County granted extensions to other Caucasian deputies to complete the requisite training.   As the County correctly counters, this issue has been addressed by the Court in its Opinion, wherein it held that, by statute, extensions of time to complete training do not lie with either the County or the Sheriff's Office; they are only statutorily authorized through the Pennsylvania Commission on Crime and Delinquency.   Further, even if the County or Sheriff possessed such authority, Mr. Day's reference to alleged comparator Caucasian deputies contains conclusory allegations that fail to set forth that they are alike in all relevant aspects and assume that the County could act contrary to the Training Act.

Finally, the Court notes that Plaintiff's Motion for Reconsideration does not address the major deficiency of Plaintiffs' Third Amended Complaint.  Namely, this Court found, based upon statutory authority, that the County was not Day's employer and thus did not possess the ability to initiate any adverse action against Mr. Day.

Therefore, in all respects, Mr. Day has not given this Court reason to reconsider and/or vacate its Opinion and Order dismissing Plaintiff's Third Amended Complaint.  Accordingly, Mr. Day's Motion for Reconsideration will be denied.

ORDER

Following consideration of Mr. Day's Motion for Reconsideration (ECF No. 64), the County's Response in Opposition (ECF No. 66), and for the reasons stated above, Mr. Day's Motion for Reconsideration is denied.

DATED this 6th day of December, 2021.

BY THE COURT:

MARILYN J. HORAN
United States District Judge